### DOUGLAS *v.* LEONARD.

*(City Court of New York, General Term.   April 24, 1891.)*

ACTION FOR SERVICES—DEFECT OF PARTIES DEFENDANT.
   Plaintiff, as the result of a conference with two or three executors, was employed by them as accountant in regard to the affairs of their testator's estate, subject to the approval of the third executor, who subsequently consented thereto; and throughout such employment plaintiff consulted with all the executors, and the services rendered by him were for their benefit. *Held*, that he could not recover therefor against one of them alone, another being alive.

Appeal from trial term.

Action by John L. Douglas against William H. Leonard.   Defendant appeals from a judgment for plaintiff entered on the verdict of a jury.

Argued before EHRLICH, C. J., and NEWBURGHER, J.

*Edwards & Odell*, for appellant.   *W. W. Badger*, for respondent.

NEWBURGHER, J.   This action was brought to recover for services as an accountant.   George W. Parsons, Mrs. Reed, and defendant were executors of the will of Ebenezer Reed, deceased, and Parsons and defendant were trustees under the same will.   It appears that plaintiff and Parsons were brothers-in-law, and occupied offices in the same building.   Plaintiff and defendant met at Parsons' office, and the subject of an accounting and proper examination of the affairs of the Reed estate, and other matters, were discussed between plaintiff, Parsons, and defendant, and plaintiff was employed, subject to approval by Mrs. Reed, who subsequently consented to such employment. At the close of plaintiff's case, defendant moved for a dismissal of the complaint—*First*, because there was no personal or individual employment of the plaintiff by the defendant; *second*, that the proofs show that the employment of the plaintiff, if any, was by Parsons, Mrs. Reed, and defendant, and Mrs. Reed, being alive, should have been joined; which motion was denied, and defendant excepted.   We think the trial justice erred.   The motion was a proper one, and should have been granted.   Plaintiff's testimony and exhibits show that, throughout his employment, he consulted with Parsons and Leonard, and communicated with Mrs. Reed, and that the services rendered by him were for their benefit.   If there was any employment, it was by Parsons, Mrs. Reed, and the defendant.   For these reasons the judgment must be reversed, and a new trial ordered, with costs.